# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDIAZIZ OMAR ABUKAR,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　Defendant. | CASE NO. 07CV1770 BTM (RBB)<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT;**<br><br>**(2) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. #2]; AND**<br><br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. #3]** |

On September 10, 2007, Plaintiff, proceeding pro se, filed a complaint which appears to request review of a May 24, 2007 decision denying Plaintiff's application for Social Security disability benefits.

**I.    Dismissal of Complaint**

The Court finds that Plaintiff's complaint fails to meet the basic requirements of Federal Rule of Civil Procedure 8(a), which requires that a pleading contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

1  While the requirements of notice pleading are minimal and a Plaintiff need not "set out in
2  detail the facts upon which he bases his claim," a complaint must set forth enough detail to
3  "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it
4  rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

5  Plaintiff's one-page complaint discusses correcting his date of birth and submitting the
6  "supporting documentation."  The complaint then describes his appearance at a hearing,
7  presumably before the Social Security Administration, without an attorney or representative.
8  Plaintiff then proceeds to "respectfully urge your honor this Court to review its decision dated
9  May 24, 2007 and schedule the case for a new rehearing."  These cursory statements fail
10 to provide a statement of the claim showing that Plaintiff is entitled to relief.  The civil cover
11 sheet, which does not form a part of Plaintiff's pleading, is similarly unilluminating as it
12 describes Plaintiff's cause of action as: "Change of age and find the right one."  **If Plaintiff**
13 **is requesting judicial review of a Social Security determination, he must specify**
14 **exactly what ruling he wishes reviewed, what portions of the ruling are in error, and**
15 **the reasons that they are in error.**  In addition, the civil cover sheet makes reference to 42
16 U.S.C. § 405 within the "brief description" of cause of action section.  However, Rule 8(a)
17 requires that if Plaintiff is relying upon this statute as the grounds for the Court's jurisdiction,
18 he must indicate that within the body of his complaint.

19 Therefore, the Court orders Plaintiff's complaint **DISMISSED**.  Plaintiff is granted leave
20 to file an amended complaint which complies with the requirements of Rule 8(a), as specified
21 above.  Plaintiff's amended complaint must be filed on or before **October 18, 2007**.  Failure
22 to timely file an amended complaint will result in the dismissal of this action.

23

24 **II.    Motion to Proceed In Forma Pauperis**

25 Accompanying his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (IFP)
26 pursuant to 28 U.S.C. § 1915.  Plaintiff has completed the form declaration in support of his
27 motion to proceed IFP.  The declaration states that Plaintiff is not currently working and that
28 he has not received any monies from any source in the past 12 months.  He has no savings

or other assets, and it appears that he survives by living with his children.

Having read and considered Plaintiff's declaration, the Court finds that Plaintiff is unable to pay the required filing fees and, therefore, **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

Upon the filing of Plaintiff's amended complaint, the United States Marshal shall serve a copy of that amended complaint, the summons and this order upon Defendant as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.

### III.     Motion for Appointment of Counsel

Plaintiff has also filed a form request for the Court to appoint him counsel under 42 U.S.C. § 2000e-5(f)(1).  However, that section provides for the appointment of counsel in employment discrimination suits brought pursuant to Title VII of the Civil Rights Act, not reviews of Social Security disability determinations.  In addition, to the extent that the Court could consider Plaintiff's request for counsel under any other authority, the Court finds that appointment of counsel would not be appropriate.  Although Plaintiff indicates in his request that he is unable to find an attorney willing to represent him on terms that he can afford, he also indicates that he has not talked with any attorney about handling his case.  Moreover, the Court is aware that suits under 42 U.S.C. § 405 are regularly brought by counsel on a 25% contingency fee basis.  Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 19, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge